Vennerbeck & Clase Co.
vs. } Eq. No. 10057.
Juergens Jewelry Co.

December 1, 1933.

BAKER, P. J. Heard on petition to establish claim against receiver.

The petitioner, Nathan Kaufman, contends that he sold and delivered certain goods to the second receiver of the respondent company. The present receiver is contesting the claim which is in the amount of $934.16.

It appears without dispute that the previous receiver used, in conducting the business of the respondent company, goods of the shipment in question amounting to $225.86, and as to this portion of the claim the present receiver makes no contention. At the present time, however, he is seeking to return to the petitioner the balance of the shipment, amounting in value to $708.30.

In disputing the petitioner's claim, the present receiver urges, first, that the claim does not appear on the books of the corporation or of the previous receiver; second, that Mr. Kaufman has no order signed by the said receiver; and, finally, that the purchase from the petitioner was not within the scope of the receiver's authority.

The respondent company is a manufacturing jewelry concern and the goods obtained from the petitioner were for use in the conduct of its business. The testimony tends to show that the order was made up specifically for the receiver of the respondent company and is not of great use to other jewelry concerns, or generally marketable.

In regard to the receiver's first claim, it is undisputed that this order does not appear on the general books of the respondent company. It is disclosed from the evidence that it was known as an import order or account. The general manager of the respondent company testified that he himself took charge of this account and that the invoices relating to it came to him; that he was familiar with it but that it had not been the practice to post it on the books of the company. Undoubtedly it would have been proper bookkeeping to make some reference

to this order. However, it seems to the Court that the petitioner should not suffer because the books of the respondent company were loosely kept. The testimony shows clearly that the goods were shipped and delivered by the petitioner and received and partly used by the previous receiver in the conduct of the respondent's business. No evidence was presented to the Court that the previous receiver or the general manager misconducted themselves in any way in connection with this shipment. The Court is, therefore, of the opinion that the receiver's objection to the claim in this regard is not a defense.

The other objections of the receiver may be considered together. It is true that no order directly signed or given by the previous receiver is in the possession of the petitioner. It clearly appears that the order in question was given by the general manager of the respondent company. The principal question raised by the present receiver herein relates to the general power and authority of a receiver who is conducting a business to make contracts or purchase materials through an agent, such as a general manager.

The original decree appointing the receivers and giving them authority to conduct the business of the respondent company was broad and comprehensive in its language. The original receivers were permitted to "enter into any contracts incidental to the operation of the business to the extent that said permanent receivers may determine that it is for the best interests of the receivership estate so to do, and to appoint and employ such agents, employees, accountants and attorneys as in the judgment of the said permanent receivers be advisable or necessary in the management, conduct and control of the receivership estate." When the second receiver was appointed, he was given, under a decree, the same general powers and authority.

It is obvious that a receiver conducting a business has much wider powers than one merely retaining possession of an estate or liquidating a business. The law seems to be that a receiver of a corporation has such powers as are expressly conferred upon him by statute or by the Court and also those reasonably necessary to be implied from the express powers.

Fletcher, Cyc. Corporations. Vol. 16, p. 388.

Under such powers he may enter into ordinary every day contracts relating to the running of the business without a specific court order.

Fletcher, Cyc. Corporations. Vol. 16, p. 401.

And, further, a receiver who is managing a receivership as a going concern has implied power to make such reasonable contracts as are necessary for the proper management of the receivership.

Tardy's Smith on Receivers, 2nd ed. Vol. 1, p. 170.

If a receiver is empowered by the Court to continue the management of the business, he may employ such persons as are necessary for that purpose.

High on Receivers, 4th ed. Sec. 209;

Tardy's Smith on Receivers, 2nd ed. Vol. 1, p. 266.

Apparently the different tests to be applied as to contracts entered into is, first, was the act within the general authority conferred by an order of the Court; secondly, if so, was it performed with reference to the preservation of the estate as a man of ordinary sagacity and prudence would have performed it under like circumstances; and, thirdly, if without authority, was it beneficial to the estate?

Clark on Receivers, Vol. 1, p. 522.

The evidence in the case at bar shows that the second receiver conducted the business for some little time and that he employed as one of

his agents in so doing, the general manager who gave the order in question. This man had been with the respondent company prior to the receivership as general manager and had also acted as general manager in the operation of the business by the first receivers. The second receiver kept in close touch with the business and was in the plant practically every day. It is true that, as far as the order in question is concerned, it appears to have been made by the general manager without any specific instructions from the receiver.

The testimony also discloses that the receiver had given the general manager general authority to carry on and conduct the business, to make necessary contracts for the purchase of materials, to hire labor and to make sale of the products of the company. It also would appear by the evidence that previously goods had been bought from the petitioner by the general manager for the estate in receivership and that no question had been raised as to that method of conducting the business.

Taking all these circumstances into consideration and applying the general rules of law as hereinbefore set out the Court is of the opinion that the order involved herein was an act within the authority conferred by the Court in connection with the operation of the business and that, if it should be considered to be not directly within said order, at least it can be reasonably implied.

Further, the Court believes that the order was made in connection with the preservation of the estate generally and was such an order as a man of ordinary sagacity and prudence might have given under the circumstances. The Court also feels that the receiver's action in allowing the general manager to conduct the business and to make the necessary orders for materials was reasonable and within the scope of his authority.

After careful consideration. the Court finds that the entire claim of the petitioner against the receiver should be allowed.

For petitioner Kaufman: Samson Nathanson.

For receiver: A. L. Conaty & Isadore S. Horenstein.